SLR:EB:TJK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ANDREW CAMPOS,

        Defendant.

- - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 2 0 2005   ★

P.M.
TIME A.M.

PRELIMINARY ORDER
OF FORFEITURE

03 CR 304 (S-6)

    WHEREAS, on February 14, 2005, the defendant ANDREW CAMPOS ("CAMPOS" or "Defendant") pled guilty to Count Three of the above-captioned Indictment insofar as it charges the Defendant with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and the Government sought criminal forfeiture of property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, or in the alternative, substitute assets of the Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

    WHEREAS, Defendant has agreed to the entry of an Order of Forfeiture against him in the amount of Three Hundred Thousand Dollars ($300,000), which constitutes property involved in the offenses charged in Count Three of the Indictment, or property traceable to such property, and/or substitute property; and

    WHEREAS, by virtue of the Defendant having pled guilty to Count Three of the Indictment and waived all his constitutional, legal and equitable defenses and rights to the forfeiture

allegations of the Indictment, the United States is now entitled to the money judgment amount of $300,000.00, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows, on consent of all parties, as follows:

1.    The Defendant ANDREW CAMPOS consents to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $300,000 which sum represents property involved in the offense in violation of 18 U.S.C. § 371, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

2.    Based upon the guilty plea which has been accepted by this Court, and in accordance with the Defendant's plea agreement, the Defendant shall pay the Forfeiture Money Judgment as follows: The Defendant shall pay $100,000 toward the Forfeiture Money Judgment by March 31, 2005, and the remainder by June 30, 2005 ("the Due Date"). Upon a showing of good faith by the Defendant to meet the existing deadlines, the government, in its sole discretion, will extend the payment schedule and/or the Due Date for the Forfeiture Money Judgment.

3.    The Defendant further agrees to forfeit all right, title and interest in the following property presently under restraint pursuant to the order issued by the Honorable Carol

Bagley Amon on July 9, 2004 and listed in Forfeiture Allegation One

of the above-captioned Indictment: all accounts held or maintained

on behalf of (1) Mical Properties, Inc.; (2) Telecom Online, Inc.;

(3) Lexitrans, Inc., (4) Cyberdata Processing, Inc.; (5) Voice Link

Network, Inc., (6) Cassiopeia Group, Inc.; (7) Branching

Enterprises, Inc., (8) Omni Present Digital Inc., and (9) LJ

Internet, Inc.  The Restrained Property owned and controlled by the

Defendant shall be counted toward the Forfeiture Money Judgment.

     4.    The Defendant agrees not to assert any claim,

contest or assist any person to contest the Government's collection

of the Forfeiture Money Judgment or substitute property.  The

Defendant knowingly and voluntarily waives his right to a jury

trial on the forfeiture of assets, and waives his right to any

required notice concerning the forfeiture of assets, and waives all

constitutional, legal and equitable defenses to the entry and

collection of the Forfeiture Money Judgment including but not

limited to, double jeopardy, any applicable statute of limitation,

and any defense under the Ex Post Facto or Excessive Fines Clauses

of the United States Constitution.  The Defendant also agrees that

the forfeiture of the Forfeiture Money Judgment shall not

constitute an excessive fine.

     5.  In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21

U.S.C. § 853(n)(1), the United States Marshals Service shall

publish notice of this Order and of the intent to dispose of the

forfeitable property in such a manner as the United States Marshals Service may direct. Such notice shall be published in accordance with the custom and practice in this district, in a newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier. Any notice filed by any petitioner must state the validity of petitioner's alleged interest in the property, must be signed by petitioner under penalty of perjury, and must set forth the nature and extent of petitioner's right, title and interest in the property, and any additional facts supporting such petition.

6. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

7. Following the disposition of all petitions filed, or if no such petitions are filed within the applicable period, the United States shall have clear title to the properties described above.

8. In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), the Government is hereby authorized to conduct discovery necessary

to help identify, locate or dispose of property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

9.   This Preliminary Order shall be final and binding only upon the Court's "so ordering" of the order.

10.   The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11.   The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Tracey J. Knuckles, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       May /3_, 2005


                                   _____
                                   HONORABLE CAROL BAGLEY AMON
                                   UNITED STATES DISTRICT JUDGE